# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:23 MJ 5242 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **STEVE PALACIO,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court is Defendant Steve Palacio's appeal of Magistrate Judge Darrell A. Clay's pretrial detention order. (Doc. 12).

For the reasons set forth below, Palacio's motion is denied.

### BACKGROUND

Palacio was charged in a December 14, 2022, Criminal Complaint with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Possession with Intent to Distribute a Controlled Substance – Death or Serious Bodily Injury Results). (Doc. 1).

Judge Clay, after holding a detention hearing on July 6, 2023, ordered Palacio detained pending trial. (Doc. 11). Judge Clay found Palacio did not rebut the presumption of detention under 18 U.S.C. § 3142(e)(3), but even if he did, the Government proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community and by a preponderance of evidence that no condition or combination of conditions would reasonably assure the defendant's appearance as required. *Id.* at 2-3. Evaluating the 18 U.S.C. § 3142(g) factors, Judge Clay emphasized (1) the strength of the

evidence; (2) Palacio's lengthy prior criminal activity, including probation violations, (3) that Palacio was subject to a lengthy period of incarceration if convicted; and (4) prior attempts to evade law enforcement. *See id.*

## STANDARD OF REVIEW

A defendant may challenge a Magistrate Judge's detention order before a District Judge under 18 U.S.C. § 3145(b). That statute permits a court with "original jurisdiction over the offense" to consider "a motion for revocation or amendment" of the Magistrate Judge's detention order. *Id.* Although there is some dispute on the precise standard of review under that statute in the Sixth Circuit, it appears that *de novo* review for this type of challenge is the majority rule. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) ("In the Sixth Circuit, the district courts have followed various procedures to review a magistrate judge's detention order . . . . The Majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges."); *see also United States v. Beard,* 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021) ("District courts review a magistrate judge's release or detention order *de novo*."); *Yamini*, 91 F. Supp. 2d at 1128 (collecting cases and noting the Second, Third, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits direct district courts to use *de novo* or independent review in these circumstances).[1]

## DISCUSSION

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance

---

1. While the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge", that person "may file, with the court having original jurisdiction over the offense, a motion

of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)).

In meeting this burden, the government may proceed by proffer or hearsay. *Stone*, 608 F.3d at 948–49 (citation omitted). Consideration of these factors does not modify or limit the presumption of innocence. *Id.* at 946 (citing 18 U.S.C. § 3142(j)).

As to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). With respect to dangerousness, however, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

The Court has reviewed the evidence presented at Judge Clay's detention hearing, including the pretrial services report (Doc. 8) and the transcript of the detention hearing (Doc. 18). Upon that *de novo* review, the Court agrees with and adopts Judge Clay's Order of Detention (Doc. 11) issued July 7, 2023, as its own. The Court finds Palacio has not presented evidence to rebut the presumption of detention in 18 U.S.C. § 3142(e)(3), but even if he had, the Government has presented clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and more than a preponderance of evidence that no

---

for revocation or amendment of the order." The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing", and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

condition or combination of conditions would reasonably assure Palacio's appearance as required. As such, Palacio shall remain detained pending trial.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Palacio's appeal of Judge Clay's pretrial detention order (Doc. 12) be, and the same hereby is, DENIED.

                                           *s/ James R. Knepp II*
                                           UNITED STATES DISTRICT JUDGE